NUMBER 13-02-257-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 KIMBERLY MARIA BURTON, Appellant, 



v.


 

THE STATE OF TEXAS , Appellee.




On appeal from the Criminal District Court

of Jefferson County, Texas.



O P I N I O N

Before Justices Hinojosa, Rodriguez and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the offense of possession of a controlled substance, namely cocaine. The trial
judge conducted a hearing on and subsequently denied appellant's motion to suppress the contraband alleged in the
indictment. Appellant and the State then entered into a plea agreement. The trial judge followed that agreement, deferred a
finding of guilt, placed appellant on community supervision for five years, and assessed a fine of $1,000.00. Appellant
now appeals the denial of the motion to suppress. Tex. R. App. P. 25.2(b)(3)(B). We affirm.

 The sole point of error contends the trial judge erred in denying appellant's pretrial motion to suppress. At the hearing on
that motion, the State offered evidence that the search of appellant's residence which resulted in the seizure of the alleged
cocaine was consensual. To substantiate this claim, the testimony of the peace officers who conducted the search was
admitted, and two consent-to-search forms were also admitted into evidence. Both forms were signed by appellant's
husband: the first form consented to the search of the residence, and the second form consented to the search of two
automobiles at the residence. The officers testified the husband signed these forms freely and voluntarily after inviting the
officers to enter the residence.

 To prove the consent was not voluntary, defense counsel called several witnesses, including appellant, her husband, their
son, and two individuals who arrived at the residence after the police. This testimony, if believed, establishes the consent
to search was not voluntary, but rather was the product of duress after the officers refused to either obtain a warrant or leave
the residence. This defensive testimony is often conflicting, and in direct contradiction to the testimony of the two peace
officers. (2)

 A consensual search is an exception to the requirement that a search be based upon a warrant supported by probable cause. 
Reasor v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000); see Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). To
be valid, consent must not be coerced by explicit or implicit means, by implied threat, or by covert force. Carmouche v.
State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (quoting Schneckloth, 412 U.S. at 228). When relying upon consent to
justify the lawfulness of a search, a prosecutor has the burden of proving by clear and convincing evidence that the consent
was freely and voluntarily given. Riordan v. State, 905 S.W.2d 765, 770 (Tex. App.-Austin 1995, no pet.). 

 Motions to suppress are subject to a bifurcated standard of review. Carmouche,10 S.W.3d at 327. In reviewing the trial
judge's ruling on a motion to suppress, we afford deference to the trial judge's determination of the historical facts and
rulings on mixed questions of law and fact, especially if those questions ultimately turn on an evaluation of credibility and
demeanor. Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998). We decide de novo whether the trial court erred
by misapplying the law to the facts. Carmouche, 10 S.W.3d at 327.

 In the instant case, the issue is not whether consent is a recognized exception to the warrant requirement, but whether the
consent given by appellant's husband was voluntary. This issue devolves into a question of whose testimony was credible
at the suppression hearing. As noted above, an appellate court should give almost total deference to a trial court's
determination of historical facts supported by the record, especially when the trial court's fact findings are based on an
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In the instant case,
the trial judge chose to believe the testimony of the peace officers who testified the consent was freely and voluntarily
given, and was not the product of force, duress, or intimidation. This testimony is corroborated by the actual
consent-to-search forms signed by appellant's husband, and introduced into evidence at the suppression hearing. When this
record evidence is viewed in a deferential light, we cannot say the trial judge abused his discretion in finding this testimony
to be credible. Id. Accordingly, we hold the trial judge did not err by concluding the State proved by clear and convincing
evidence that the contraband alleged in the indictment was properly seized following the search consented to by appellant's
husband. Riordan, 905 S.W.2d at 770. The sole point of error is overruled.

 The judgment of the trial court is affirmed.

 

 

 CHARLES BAIRD,

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 12th day of June, 2003.

 

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. For example, the testimony of appellant's husband was impeached with his written statement to peace officers following
the search of the residence. Additionally, appellant's husband was also charged with possession of the contraband found in
the residence and, at the time of his testimony, had reached a plea agreement with the State to resolve those charges.